UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Sonja Benjamin and Jessica McClain, individually and on behalf of all others similarly situated, | 3:21-cv-50473 |
| Plaintiffs, | |
| - against - | Class Action Complaint |
| The Hartz Mountain Corporation, | Jury Trial Demanded |
| Defendant | |

Plaintiffs allege upon information and belief, except for allegations pertaining to plaintiffs, which are based on personal knowledge:

1. The Hartz Mountain Corporation ("Defendant") manufactures, labels, markets, and sells training pads for dogs to assist with housetraining under the Hartz Home Protection brand ("Product").



2. The relevant front label representations include the brand name, "WON"T LEAK. WON'T SPREAD," "Turns Liquid into ODOR-ABSORBING FlashDry Gel," "Blocks leaks at the Corners," and a picture of the Product.

3. The representations are misleading because the Product leaks when used by dogs to relieve themselves.

4. The leaks occur under normal and not excessive usage.

5. The Product lacks the absorbency expected given the promise it "WON"T LEAK."

6. The leaks spread, contrary to the representations.

7. The leakage and spreading of liquid causes the floors and surfaces underneath the pads to become negatively affected.

8. When the pads are unfolded, the inner lining gets distributed and is not even throughout the pad, which contributes to the lack of absorbency.

9. The representation that urine will be subject to the Product's "FlashDry" protection is misleading, because it takes several minutes at a minimum to dry, which is not a "flash," as understood by consumers.

10. The Product contains other representations which are misleading.

11. Reasonable consumers must and do rely on a company to honestly identify and describe the components, attributes, and features of a product, relative to itself and other comparable products or alternatives.

12. The value of the Product that Plaintiffs purchased was materially less than its value as represented by defendant.

13. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

14. Had Plaintiffs and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

15. The Product is sold for a price premium compared to other similar products, no less than approximately $15.00 for 50 pads, a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

## Jurisdiction and Venue

16. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

17. The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

18. Plaintiff Sonja Benjamin is a citizen of Illinois.

19. Defendant The Hartz Mountain Corporation, is a New Jersey corporation with a principal place of business in Secaucus, Hudson County, New Jersey

20. Defendant transacts business within this District through sale of the Product at dozens of stores within this State and District, and online, sold directly to residents of this District.

21. Venue is in this District because plaintiff resides in this district and the actions giving rise to the claims occurred within this district.

22. Venue is in the Western Division in this District because a substantial part of the events or omissions giving rise to the claim occurred in Boone County, i.e., Plaintiff Benjamin's purchase of the Product and her awareness of the issues described here.

## Parties

23. Plaintiff Sonja Benjamin is a citizen of Belvidere, Boone County, Illinois.

24. Plaintiff Jessica McClain is a citizen of Aberdeen, Grays Harbor County,

Washington.

25. Defendant The Hartz Mountain Corporation, is a New Jersey corporation with a principal place of business in Secaucus, New Jersey, Hudson County.

26. Defendant is a large, vertically integrated supplier of pet supplies, including treats, grooming tools, toys, cat litter, and flea and tick protection products.

27. Defendant has been an established brand in pet supplies for decades, which has resulted in high levels of trust by consumers and goodwill.

28. Defendant is owned by the publicly traded Japanese consumer goods conglomerate UniCharm.

29. Plaintiff Benjamin purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, at stores including Walmart, 2101 Gateway Center Dr, Belvidere, IL 61008 between August and October 2021, among other times.

30. Plaintiff McClean purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, at numerous stores in her county, in 2017, among other times.

31. Plaintiff McClain's claims are subject to tolling, equitable estoppel, and/or other legal principles which prevents any statute of limitations of having run on her claims.

32. Plaintiffs bought the Product because they expected it would not leak through to the floor below, any liquid would not spread, and that any liquids which contacted the surface would dry rapidly because that is what the representations said and implied.

33. Plaintiffs relied on the words and images on the Product, on the labeling and/or claims made by Defendant in digital and/or social media.

34. Plaintiffs bought the Product at or exceeding the above-referenced price.

35. Plaintiffs would not have purchased the Product if they knew the representations and omissions were false and misleading or would have paid less for it.

36. Plaintiffs chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes.

37. The Product was worth less than what Plaintiffs paid and they would not have paid as much absent Defendant's false and misleading statements and omissions.

38. Plaintiffs intend to, seek to, and will purchase the Product again when they can do so with the assurance the Product's representations are consistent with its abilities and/or composition.

39. Plaintiffs are unable to rely on the labeling of not only this Product, but other similar products, because they are unsure of whether their representations are truthful.

## Class Allegations

40. Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(2) and (b)(3) of the following classes:

> **Illinois Class:** All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged.
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Washington, Arizona, Oregon, Texas, Iowa, Kansas, Virginia, Tennessee, New Hampshire, Alaska, South Dakota, Oklahoma, who purchased the Product during the statutes of limitations for each cause of action alleged

41. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiffs and class members are entitled to damages.

42. Plaintiffs' claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

43. Plaintiffs are adequate representative because their interests do not conflict with

other members.

44. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

45. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

46. Plaintiffs' counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

47. Plaintiffs seek class-wide injunctive relief because the practices continue.

Illinois Consumer Fraud and Deceptive Business Practices Act<br>("ICFA"), 815 ILCS 505/1, et seq.

(Consumer Protection Statute)

48. Plaintiff Benjamin incorporate by reference all preceding paragraphs.

49. Plaintiff Benjamin and class members desired to purchase a product that would not leak through to the floor below, any liquid would not spread, and that any liquids which contacted the surface would dry rapidly.

50. Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

51. Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

52. Plaintiff Benjamin and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

53. Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

54. Plaintiff Benjamin relied on the representations that the Product would not leak

through to the floor below, any liquid would not spread, and that any liquids which contacted the surface would dry rapidly

55. Plaintiff Benjamin and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Violation of State Consumer Fraud Acts

### (On Behalf of the Consumer Fraud Multi-State Class)

56. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

57. Defendant intended that each of members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

58. As a result of defendant's use or employment of artifice, unfair or deceptive acts or business practices, each of the other members of the Consumer Fraud Multi-State Class, have sustained damages in an amount to be proven at trial.

59. In addition, defendant's conduct showed motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

### Breaches of Express Warranty, Implied Warranty of Merchantability/Fitness for a Particular Purpose and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

60. The Product was manufactured, identified, and sold by defendant and expressly and impliedly warranted to plaintiffs and class members that it would not leak through to the floor below, any liquid would not spread, and that any liquids which contacted the surface would dry rapidly.

61. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

62. This duty is based on Defendant's outsized role in the market for this type of Product, a trusted company known for its high quality products.

63. Plaintiffs provided or will provide notice to defendant, its agents, representatives, retailers, and their employees.

64. Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

65. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because it was not fit to pass in the trade as advertised and/or not fit for the purpose for which it was intended.

66. Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

67. Defendant had a duty to truthfully represent the Product, which it breached.

68. This duty is based on defendant's position, holding itself out as having special knowledge and experience in this area, a trusted company known for its high quality products.

69. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant.

70. Plaintiffs and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

71. Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Fraud

72. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it would not leak through to the floor below, any liquid would not spread, and that any liquids which contacted the surface would dry rapidly.

73. Moreover, the records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and/or constructive knowledge of the falsity of the representations.

74. Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

## Unjust Enrichment

75. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiffs and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiffs demand a jury trial on all issues.

**WHEREFORE**, Plaintiffs pray for judgment:

1. Declaring this a proper class action, certifying plaintiffs as representatives and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the

applicable laws;

4. Awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated: December 18, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021
Tel: (516) 268-7080
spencer@spencersheehan.com